White, J.
dissenting. Section 1 of the statute makes it unlawful for any person to practice, or attempt to practice, medicine, for reward or compensation, without having the qualifications therein prescribed. By the proviso two classes of persons are excepted from the operation of the act: (1) persons who lime been continuously engaged in the practice of medicine for a period of ten years; (2) persons who hme been in the continuous practice of medicine for a period of five years. The last named class is allowed two years within which to comply with the prescribed provisions. The second section of the act declares the practice, or attempt to practice, in violation of *353 the first section, an offense, and prescribes the penalty to be not less than $50, nor more than $100. For a second offense, imprisonment is added. The act was passed May 5, and took effect October 1, 1868. Its object is declared to be to protect the citizens of Ohio from empiricism, and it should receive such construction as will promote this object. In the opinion of the majority of the court this is accomplished by the continuous violation of the statute for a period of ten years, thus during that time exposing the citizens to all the evils of empiricism. The claim is, as I understand it, that ten years of such practice is by the statute made equivalent to having the other qualifications prescribed. This, in effect, makes the statute operate to reward and punish the same acts or conduct. To this reasoning I cannot assent. The proviso embraces only the two classes named, who had been engaged in practice five and ten years respectively at the time the act took effect, and was intended ‘solely for their benefit.
Oket, C. J., concurs in the foregoing dissenting opinion.